IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: HONORABLE GARY S. KATZMANN, JUDGE

|  |  |  |
|---|---|---|
| THE UNITED STATES, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Court No. 22-00205 |
| WANXIANG AMERICA CORPORATION, | ) ) ) | |
| Defendant. | ) ) | |

<u>PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO EXCEED WORD COUNT</u>

Plaintiff, the United States, respectfully submits this opposition to the motion filed by defendant, Wanxiang America Corporation (Wanxiang), seeking to exceed the word count applicable to their reply brief by 3,000 words, ECF No. 20 (Def. Mot.).

According to defendant, it requires additional words to reply to our response brief because: (1) the nine-count complaint involving several categories of goods and varying levels of claimed culpability seeks $100 million in penalties from defendant in duties and penalties; (2) defendant believes that, as a matter of law, the factual allegations in our complaint do not, and cannot, establish any violation of 19 U.S.C. § 1592; and (3) we allegedly made "incorrect and misleading assertions" in our opposition to defendant's motion to dismiss. Defendant has not demonstrated good cause for exceeding the word count in their reply brief.

Ordinarily, we do not oppose motions to exceed the word count, particularly in those cases involving complicated and numerous legal issues, or multiple parties. Although this penalty action does not involve complicated issues or multiple parties, we consented to defendant's motion to exceed the word count for their motion to dismiss because there are nine

counts in the complaint involving several categories of goods and varying levels of culpability. *See* ECF No. 9. However, rather than addressing the nine counts in the complaint or demonstrating that the allegations in our complaint to not meet the pleading standard, defendant dedicated most of the memorandum supporting their motion to dismiss to merits-based arguments. Defendant clearly intends to do the same in their reply brief. *See* Def. Mot, 4 (the "additional word count will provide the Court with a more complete understanding of Defendant's argument as to (a) why the Government cannot, as a matter of law, establish any Section 1592 violation and (b) the Government's case against the Defendant amounts to significant Government overreach by Customs."). A plaintiff need only enough facts to state a claim to relief that is plausible on its face, and a claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Defendant is seeking additional words to demonstrate that we cannot ***prove*** the allegations in the complaint. For that reason, defendant's motion should be denied.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | BRIAN M. BOYNTON<br>Principal Deputy Assistant Attorney General |
|  | PATRICIA M. MCCARTHY<br>Director |
|  | /s/ L. Misha Preheim<br>L. MISHA PREHEIM<br>Assistant Director |
|  | /s/ Mikki Cottet<br>MIKKI COTTET<br>Senior Trial Counsel |
| *OF COUNSEL*: | Commercial Litigation Branch<br>Civil Division |
| STEVEN J. HOLTKAMP | U.S. Department of Justice |

Office of Associate Chief Counsel  
U.S. Customs and Border Protection  
610 S. Canal St., Ste. 767  
Chicago, IL 60607

P.O. Box 480, Ben Franklin Station  
Washington, DC  20044  
Telephone: 202-307-0962  
Facsimile: 202-514-7965  
E-mail: Mikki.Cottet@usdoj.gov

January 28, 2023

Attorneys for Plaintiff, United States