IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: HONORABLE GARY S. KATZMANN, JUDGE

|  |  |
|---|---|
| THE UNITED STATES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Court No. 22-00205 |
| ) | |
| WANXIANG AMERICA CORPORATION, ) | |
| ) | |
| Defendant. ) | |

PLAINTIFF'S POST ORAL ARGUMENT BRIEF

Plaintiff, the United States, respectfully submits this post oral argument brief.

I.   Notice

In its reply brief, Wanxiang argues that its due process rights were violated when Commerce did not provide it with actual notice of New Trend's scope proceeding or the preliminary and final determinations that WHAs are within the scope of the TRB order. Wanxiang's argument should be rejected.

Wanxiang did not argue in its motion to dismiss that its due process rights were violated because Commerce did not provide actual notice to it that New Trend had requested a scope determination and that Commerce had made preliminary and final determinations that WHAs are within the scope of the TRB order. Consequently, Wanxiang has waived this argument. *See Z.A. Sea Foods Private Ltd. v. United States*, 606 F. Supp. 3d 1335, 1343-1344 (Ct. Int'l Trade 2022), appeal docketed; *Wanxiang America Corporation v. United States*, 399 F. Supp. 3d 1323, 1331 n.10 (Ct. Int'l Trade 2019), *aff'd*, 12 F.4th 1369, 1373-1374 (Fed. Cir. 2021); *Indus. Chems., Inc. v. United States*, 941 F.3d 1368, 1373 n.3 (Fed. Cir. 2019); *Baley v. United States*,

942 F.3d 1312, 1331 (Fed. Cir. 2019).  Even though Wanxiang cites a case that addresses due process, the citation alone does not constitute adequate argument.  *See Z.A. Sea Foods*, 606 F. Supp. 3d at 1344 (citing *Trading Techs. Int'l, Inc. v. IBG LLC*, 921 F.3d 1378, 1385 (Fed. Cir. 2019) (holding that a conclusory assertion citing the Seventh Amendment, separation of powers under Article III, the Due Process Clause, and the Taking Clause, without analysis, is insufficient to preserve the issue); *Baley*, 942 F.3d at 1331 n.20 (Fed. Cir. 2019) ("[C]ursory mention of [congressionally-approved interstate Compact between California and Oregon] is insufficient to preserve any separate arguments pertaining to the Compact." (internal citation omitted)); *SmithKline Beecham Corp. v. Apotex Corp.*, 439 F.3d 1312, 1319 (Fed. Cir. 2006) (holding that undeveloped arguments are waived); *Zhejiang Sanhua Co., Ltd. v. United States*, 61 F. Supp. 3d 1350, 1357–58 (Ct. Int'l Trade 2015) (holding that "naked citation" to statute and two Court of International Trade cases, while failing to address several other decisions interpreting statute, warrants waiver).

Furthermore, Wanxiang had constructive notice of Commerce's New Trend WHA scope ruling through quarterly scope rulings published in the Federal Register.  *See* 44 U.S.C. § 1507; *Suntec Indus. Co. v. United States,* 857 F.3d 1363, 1370–1371 (Fed. Cir. 2017) ("The background law includes two provisions of the Federal Register Act, codified in Title 44 of the U.S. Code.  Those provisions establish a broad, non-agency-specific default rule that Federal Register notices are treated as legally effective notices in a wide range of circumstances."); *Aris Gloves, Inc. v. United States*, 281 F.2d 954, 958 (C.C.P.A. 1958) ("Congress intended a proper publication in the Federal Register to be considered reasonable public notice unless otherwise provided by statute.").

Nevertheless, Wanxiang insists that Commerce's regulations, 19 C.F.R. § 351.225(n) (2010), required that Wanxiang be notified about any WHA scope proceedings. Wanxiang was not itself a participant in any Commerce proceeding involving TRBs or WHAs. Although importers can be interested parties, they are not automatically considered to be "participants" to a proceeding; rather, they would have had to participate in a segment of a proceeding or would have had to file an entry of appearance in the proceeding to be considered a participant. *See* 19 C.F.R. §§ 351.102(b)(29), (36); 19 C.F.R. § 351.225(n). Wanxiang did not file an entry of appearance or participate in any segment of Commerce's TRB or WHA proceedings until after Commerce issued the scope ruling to New Trend.

II.     Wanxiang Had No Legal Basis To Rely On NY Ruling Letter 818084

CBP's regulations state that a ruling that provides the proper classification of an article under the HTSUS is applicable "only with respect to transactions involving articles identical to the sample submitted with the ruling request or to articles whose description is identical to the description set forth in the ruling letter." 19 C.F.R. § 177.9(b)(2) (2011). The regulations also address the reliance on ruling letters by others, stating that, "[e]xcept when public notice and comment procedures apply under § 177.12, a ruling letter is subject to modification or revocation by CBP without notice to any person other than the person to whom the ruling letter was addressed. Accordingly, ***no other person should rely on the ruling letter or assume that the principles of that ruling will be applied in connection with any transaction other than the one described in the letter***." 19 C.F.R. § 177.9(c) (2011) (emphasis added); *see Jewelpak Corp. v. United States*, 297 F.3d 1326, 1335 (Fed. Cir. 2002). Finally, NY 818084 itself states it is not a binding ruling for the scope of the TRB order. The ruling states: "Should you desire a binding ruling on the applicability of this ADA case to your merchandise, please write directly to the

3

Department of Commerce, Office of Compliance, Washington, D.C." Against this backdrop, Wanxiang had no basis for relying upon NY 818084.

III.     The Complaint Allegations Are Facially Sufficient

Pursuant to 19 U.S.C. § 1592(a), no person by fraud, gross negligence, or negligence may enter merchandise into the United States by means of "(i) any document or electronically transmitted data or information, written, or oral statement, or act which is material or false, or (ii) any omission which is material."

> A document, statement, act, or omission is material if it has "the tendency to influence Customs' decision in assessing duties." *United States v. Matthews*, 31 CIT 2075, 2080, 533 F. Supp. 2d 1307, 1312 (2007) (internal quotations omitted), *aff'd*, 329 Fed. Appx. 282 (Fed. Cir. 2009); *see also* 19 C.F.R. Pt. 171, App. B(B) (2011).[] The statements at issue here concern the description of the imported merchandise provided within the commercial invoice, the asserted classification of the imported merchandise, and the declaration as to whether the imported merchandise is subject to antidumping or countervailing duties. All of this information is used by Customs to determine an importer's duty liability. That is precisely why the law imposes an affirmative obligation on the importer to exercise reasonable care and provide Customs with true and correct information. *See* 19 U.S.C. §§ 1484(a), 1485; *see also* 19 U.S.C. § 1481(a)(3) (requiring the importer to provide a detailed description of the merchandise in the commercial invoice); 19 U.S.C. § 1484(a)(1)(B) (requiring the importer to provide the classification and rate of duty applicable to the merchandise);[] 19 C.F.R. § 141.61(c) (requiring the importer to identify whether the imported merchandise is subject to an antidumping or countervailing duty order).

*United States v. Daladiep*, 255 F. Supp. 3d 1326, 1338 (Ct. Int'l Trade 2017) (footnotes omitted).

As we allege in the complaint, Wanxiang provided false statements and information in connection with its WHA entries and the false statements and information that it provided affected CBP's ability to determine whether the imported WHAs were subject to antidumping duties. The false statements and information had the tendency to influence CBP's assessment of duties, and therefore constituted material statements and information under the statute. *Id*.; *see*

*also United States v. Horizon Prods. Int'l, Inc.*, 82 F. Supp. 3d 1350, 1356 (Ct. Int'l Trade 2015); *United States v. Optrex Am., Inc.*, 560 F. Supp. 2d 1326, 1336 (Ct. Int'l Trade 2008). Therefore, the complaint allegations are sufficient.

For these reasons, and those stated in our response in opposition to defendant's motion, we respectfully request that the Court deny Wanxiang's motion to dismiss.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

PATRICIA M. MCCARTHY
Director

/s/ L. Misha Preheim
L. MISHA PREHEIM
Assistant Director

/s/ Mikki Cottet
MIKKI COTTET
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
P.O. Box 480, Ben Franklin Station
Washington, DC  20044
Telephone: 202-307-0962
Facsimile: 202-514-7965
E-mail: Mikki.Cottet@usdoj.gov

Attorneys for Plaintiff, United States

*OF COUNSEL*:

STEVEN J. HOLTKAMP
Office of Associate Chief Counsel
U.S. Customs and Border Protection
610 S. Canal St., Ste. 767
Chicago, IL 60607

May 26, 2023

IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: HONORABLE GARY S. KATZMANN, JUDGE

| | |
|---|---|
| THE UNITED STATES, ) | |
|     Plaintiff, ) | |
| v. ) | Court No. 22-00205 |
| WANXIANG AMERICA CORPORATION, ) | |
|     Defendant. ) | |

CERTIFICATE OF COMPLIANCE WITH WORD COUNT LIMITATION

I, MIKKI COTTET, a Senior Trial Counsel in the Office of the Assistant Attorney General, Civil Division, Commercial Litigation Branch, am responsible for filing the foregoing brief, relying upon the Microsoft Word Word-Count feature of the word processing system used to prepare the brief, certify that this brief complies with the word count limitation as provided in by the Court at the oral argument held on May 17, 2023, and contains 1,246 words.

/s/ Mikki Cottet

May 26, 2023