# ROLL & HARRIS LLP
*Attorneys at Law*

| | | |
|---|---|---|
| Michael E. Roll* | 2121 Avenue of the Stars, Suite 800 | 2001 L Street, NW, Suite 800 |
| Brett Harris** | Los Angeles, CA 90067 | Washington, DC 20036 |
| *Admitted in CA | 310.294.9501 (t) | 202.903.0301 (t) |
| **Admitted in DC & NY | 310.857.6661 (f) | 310.857.6661 (f) |

*www.thetradelawfirm.com*

**Michael E. Roll**
michael.roll@thetradelawfirm.com

May 26, 2023

**BY CM/ECF**
The Honorable Gary S. Katzmann
U.S. Court of International Trade
One Federal Plaza
New York, NY 10278-0001

   Re: **United States v. Wanxiang America Corp.**
      **Court No. 22-00205**

Dear Judge Katzmann:

On behalf of Wanxiang America Corp. ("WXA") this supplements our May 17, 2023 oral argument.

## I. *Ashcroft v. Iqbal* and *Bell Atl. Corp. v. Twombly* Compel Dismissal

The following undisputed facts are solely from the complaint and public record:

- Wheel hub assemblies ("WHAs") are not referenced in the 1987 TRB Order;

- In 1996, Customs' expert determined that WHAs were **not** covered by the TRB Order;

- In 2010, Commerce admitted ***twice*** its inability to determine whether the TRB Order covered WHAs;

- Commerce omitted WXA from the scope service list despite 19 CFR §351.225(n)'s actual notice requirement;

- Commerce gave WXA no *actual notice* of the WHA scope proceedings;

- WXA filed its WHA entries from June 24, 2011-November 30, 2011;

- The December 6, 2011 Federal Register publication was the first public notice that WHAs were covered.

*Trans Tex. Tire, LLC v. United States*, 519 F. Supp. 3d 1289 (CIT 2021) held that "[r]etroactively assessing duties where importers received inadequate notice of their products' inclusion in the scope of [an AD] investigation would be unfair." Id. at 1305, *citing Tai-Ao Aluminum (Taishan) Co. v. United States*, 983 F.3d 487, 494 (Fed. Cir. 2020).

**<u>No</u>** complaint or oral argument allegation and **<u>no</u>** discovery could change the above facts or justify the assessment of the antidumping duties and penalties for entries **<u>before</u>** WXA could have received adequate notice of WHA's inclusion in the TRB Order. The complaint supports no reasonable inference of WXA's liability. The Government's antidumping claims must, therefore, be dismissed.

## II.    Additional Points from Oral Argument

- Contrary to the Government's contention, Customs rulings of National Import Specialists *are* binding nationwide. See, 19 CFR Part 177.

- NYRL 818084 is a binding admission by an authorized CPB agent, and must be given effect. It proves that the TRB Order did not clearly include WHAs and validates WXA's entries of WHA's were per se reasonable.

- While Commerce, in December 2011, published notice of its scope ruling determination, no duties or penalties can be assessed *retroactively* under 19 U.S.C. §1592. Three court cases, *United States v. Ford Motor Co.*, 463 F.3d 1267 (Fed. Cir. 2006), *United States v. Hitachi Am., Ltd.*, 172 F.3d 1319 (Fed. Cir. 1999) and *GE v. United States EPA*, 53 F.3d 1324 (D.C. Cir. 1995), specifically reject these retroactive claims when assessing duties and penalties. Lack of notice regarding what is legally required to be declared precludes assessments of duties and penalties. Otherwise, §1592 would become a strict liability statute.

- Federal Register publication is generally constructive notice to interested parties, but it is *not* notice to persons who are entitled to *actual* notice, like WXA. See *Camp v. U.S. Bureau of Land Mgmt.*, 183 F.3d 1141, 1145 (9th Cir. 1999). The Government's statement that WXA was not a participant in Commerce proceedings involving TRB's or WHA's is false. *Wanxiang v. United States*, 399 F Supp 3d 1323 (CIT 2019) ("WG **<u>and WAC</u>** participated in previous anti-dumping administrative reviews") (emphasis added).

- Commerce's May 2011 Federal Register publication fails to provide *constructive* notice that WHAs were in scope. It provided no "ascertainable certainty" to anyone regarding requirements applicable to WHAs. The notice:

- lists the New Trend determination, as well as two others involving WHAs, as "pending" – literally, "not yet decided," and

- merely states, regarding the New Trend case, "preliminary ruling December 13, 2010;" it does *not* state that WHAs were in scope.

By contrast, for other determinations in the May 2011 notice, Commerce stated *those products* were "within the scope of the antidumping duty order." It made no such statement with regard to WHAs. In sum, the May 2011 notice gave WXA no ascertainable certainty of its obligations-- yet the Government assessed millions in duties and penalties.

### III. WXA's Due Process Claims Have Not Been Waived

"An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950).

Our initial brief argued *extensively* that no antidumping duties, or penalties, could be assessed without adequate notice. See pages 21-31 of Docket #12-1. This argument relied predominantly on: *United Steel & Fasteners, Inc. v. United States*, 203 F. Supp. 3d 1235 (CIT 2017), *aff'd*, 947 F.3d 794 (Fed. Cir. 2020), *Tai-Ao* and *Trans Tex*. The Government's opposition (pages 22-27) discussed these cases and feebly contended that their clear notice requirement is inapplicable.

The sufficient notice requirement is central to the holding of all three cases. "Due process" is referenced explicitly in one of them, *Tai-Ao*: the "notice requirement reflects 'the *broader **due-process principle** that before an agency may enforce an order or regulation by means of a penalty or monetary sanction, it must 'provide regulated parties fair warning of the conduct [the order or regulation] prohibits or requires.'"* 983 F.3d at 495, internal citations omitted (emphasis added). Our initial brief contains this quote (page 28).

*Nelson v. Adams USA, Inc.*, 529 U.S. 460 (2000), unanimously rejected the argument that a petitioner waived its due process claims by never uttering "due process" in its briefs or oral argument. Making the due process argument "[did] not demand the incantation of particular words; ***rather, it require[d] that the lower court be fairly put on notice as to the substance of the issue***." *Nelson*, 529 U.S. at 469 (emphasis added).

Nelson's counsel explained: "the core of his client's argument was the fundamental unfairness of imposing judgment without going through the process of litigation" prescribed by the Federal Rules. "Both the majority and the dissent in the Federal Circuit understood that an issue before them concerned the process due . . . and

resolution of the case as a matter of due process therefore rests on a ground considered and passed upon by the court below." 529 U.S. at 470.

Likewise, WXA's argument – explained thoroughly in our briefs – is the fundamental unfairness of assessing antidumping duties and penalties given the lack of adequate notice that WHAs were within scope *at the time its entries were filed*. Because notice is "an elementary and fundamental requirement of due process," the Government and this Court understand that this case concerns "due process."[1] The Government has had a full opportunity to explain why antidumping duties and penalties should be assessed against WXA *despite* the lack of adequate notice required by this Court's precedents. Therefore, the Court should decide that WXA's due process rights were violated and dismiss the Government's complaint.

Lastly, and relying on the word count feature in Microsoft Word, we certify that the above submission contains 1,152 words and is, therefore, in compliance with the Court's order regarding supplemental briefing.

Sincerely,

Michael E. Roll

---

[1] At oral argument, the Government raised due process during the administrative §1592 penalty process. But, the issue here is the retroactive assessment of duties and penalties that, as in *Tai-Ao* and *Trans Tex*, violates WXA's due process rights.