IN THE UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: HONORABLE GARY S. KATZMANN, JUDGE

---

| | |
|---|---|
| THE UNITED STATES | : |
| Plaintiff, | : Court No. 22-00205 |
| v. | : |
| WANXIANG AMERICA CORPORATION | : |
| Defendant. | : |

---

### DEFENDANT'S CONSENT MOTION TO STAY PROCEEDINGS

      Defendant Wanxiang America Corporation respectfully requests that the Court enter an order suspending the current schedule and further proceedings in this action for a period of 180 days from the date of entry of an order granting this motion. Defendant submits that granting a stay will avoid unnecessary waste of the Court's and the parties' resources, will promote judicial efficiency, and will cause no harm to parties with an interest in the outcome of this action. By email on September 18, 2024, counsel for plaintiff, Mikki Cottet, advised that the United States consent to this motion.

      "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254 (1936). The decision to stay proceedings lies "within the sound discretion of the trial court." Cherokee Nation of Oklahoma v. United States, 124 F.3d 1413, 1416 (Fed. Cir. 1997). Further, a stay is appropriate where it "will promote judicial economy, conserve the resources of the parties, and ultimately advance the interests of justice." An Giang Agric. & Food Imp. Exp. Co. v. United States, 28 CIT 1671, 1682, 350 F. Supp. 2d 1162, 1172 (Ct. Int'l Trade 2004).

      Currently, the Scheduling Order in this case establishes a September 30, 2024, deadline for the parties to complete fact discovery, and there are currently pending discovery requests from Plaintiff to Defendant that remain unanswered.

The parties are discussing the possibility of resolving this civil action by way of a settlement. A stay of 180 days will permit the parties to pursue possible settlement or perhaps significantly narrow and reduce the number of issues to be addressed by the parties and to be decided by the Court in this action. We are requesting 180 days because, if an agreement in theory is reached, the agreement will have to be reviewed and approved by U.S. Customs and Border Protection, the Department of Homeland Security, and officials within the Department of Justice. . Furthermore, a stay in the instant proceeding will preserve the resources of the parties and the Court, as the parties are seeking to resolve this case without the need for further discovery, litigation or utilization of Court resources. A stay would not cause any harm to any party to this proceeding or any other interested party and would simply preserve the status quo while the parties discuss resolution of this case. Accordingly, defendant respectfully requests that the current scheduling order be suspended and further proceedings be stayed for a period of 180 days.

WHEREFORE, defendant requests that this consent motion be granted and that the Court stay further proceedings in this matter.

>Respectfully submitted,
>
>ROLL & HARRIS LLP
>Attorneys for Defendant
>
>By:   /s/Michael Roll
>      Michael E. Roll
>      2121 Avenue of the Stars - Suite 800
>      Los Angeles, CA 90067
>      Tel: (310) 294-9501

Dated: September 18, 2024